devisee or legatee, the interest so devised is contingent on account of the person, for the reason that until the age is attained or the character is sustained or the act is performed the person is unascertained: Craige's Appeal, 126 Pa. 223; Rudy's Estate, 185 Pa. 359; Mulliken v. Earnshaw, 209 Pa. 226; Smith on Executory Interests, 281. Such is the import of all the later authorities in this state. We are obliged to hold accordingly that the interests in the surplus of the testator's estate were contingent and vested only in his children who were living when the land was sold, and the surplus thereby created.

The decree is affirmed.

---

## Scott's Estate (No. 2).

Argued April 14, 1908. Appeal, No. 11, April T., 1908, by William W. McBride, Administrator of Emily S. Morgan, deceased, et al., from decree of O. C. Allegheny Co., Dec. T., 1906, No. 70, sustaining exceptions to adjudication in Estate of John Scott, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

OPINION BY HENDERSON, J., October 12, 1908:

This case involves the same questions decided in the appeal of William W. McBride, administrator, etc., ante, p. 342, in which an opinion has this day been filed. For the reasons there given the decree in this case is affirmed.

---

## Scott's Estate (No. 3).

Argued April 14, 1908. Appeal, No. 12, April T., 1808, by William W. McBride, Administrator of Emily S. Morgan, deceased, et al., from decree of O. C. Allegheny Co., Dec. T., 1906, No. 70, sustaining exceptions to adjudication in Estate of John